But it is insisted that the classification adopted by the civil service commission is not controlling, and that, although the relator obtained his appointment without competitive examination, he is still granted immunity from removal by this statute in case the court should hold that the commission erred in classifying the position as one for which a competitive examination was not practicable; in other words, that he may be granted immunity from removal from a position by the assertion that he holds it in violation of the Constitution. The Court of Appeals has recently held that the act of classification by a civil service commission is a legislative or administrative, and not a judicial, act, and that it cannot be reviewed by the courts, and that the only control that the courts can exercise over such an act is a limited and qualified one, to be exercised only by mandamus in cases where the act sought to be controlled is so palpably violative of the law as to present no fair or reasonable ground for difference of opinion among intelligent and conscientious officials. People ex rel. Schau v. McWilliams, 185 N. Y. 92, 77 N. E. 785. It will not be claimed that the classification of the position in question could be controlled by mandamus within the rule stated supra. Even the learned trial court was so much in doubt whether the duties of the position were confidential that, although the nature of such duties appeared without dispute, he submitted the question to the jury. If the classification of the commissioners cannot be directly attacked, it should be conclusive when called in question collaterally by a person seeking restoration to a position upon the ground that his appointment to such position was illegal. We do not think the aid of the courts can successfully be invoked for the accomplishment of such purpose.

The judgment and order should be reversed, and the proceedings dismissed.

Judgment and order reversed, with costs, and proceedings dismissed, with costs. All concur.

---

KLUMPP et al. v. AMERICAN HARDWARE MFG. CO.

(Supreme Court, Appellate Term. June 1, 1906.)

PRINCIPAL AND AGENT—SALES—LIABILITY OF PRINCIPAL—SUFFICIENCY OF EVIDENCE.

Where, in an action to recover for goods sold and delivered to defendant's alleged manager, the evidence showed that the goods were ordered by the alleged manager on his own behalf, and that defendant knew nothing about the orders for the goods, and never received any benefit therefrom, the unauthorized use by the alleged manager, in giving the orders of defendant's letter heads, whereon such manager was described as "Eastern Manager," and which he signed with defendant's name, adding his own and the words "Eastern Manager," did not bind defendant.

[Ed. Note.—For cases in point, see vol. 40, Cent. Dig. Principal and Agent, § 577.]

Appeal from City Court of New York, Special Term.

Action by Herman F. Klumpp and another against the American Hardware Manufacturing Company. From an order denying its motion for a new trial, defendant appeals. Reversed.

Argued before GILDERSLEEVE, DAVIS, and CLINCH, JJ.

Relyea & Bunnell, for appellant.
Morris Kamber, for respondents.

CLINCH, J.   The action was brought to recover for goods sold and delivered to one E. V. Kinsey, Eastern manager of the defendant. The defendant denied that the goods were sold to Kinsey on its behalf or for its benefit, and denied his authority to purchase goods for it, claiming he was merely an agent for the purpose of securing and forwarding orders to be filled by defendant.   All the goods were delivered to Kinsey or to the Photoscope Company, and the bills therefor were made out against Kinsey as the debtor, and not against the defendant.   The plaintiffs accepted a note of the Photoscope Company in payment of the claim in suit and in the following form:

"Rec'd payment by note Nov. 1st, 1904.
                              "John G. Klumpp's Sons, per E. D. S."

But, notwithstanding this, they decided to sue defendant after the note was protested for nonpayment.   Plaintiffs contend that the defendant's liability is established by the fact that in giving two orders for goods Kinsey used the defendant's letter head on which he is described as "Eastern Manager," and which he signed "American Hardware Mfg. Co., E. M. Kinsey, Eastern Manager."   The unauthorized use of the letter heads does not bind the defendant.   The record abundantly shows that the goods were ordered by Kinsey on his own behalf; that defendant knew nothing about the orders, and never received any benefit from them.   No cause of action against defendant was made out on the trial.

There are exceptions in the record which were taken by defendant, and which require a reversal of the judgment and order, but it is not necessary to consider them.   The motion to dismiss the complaint at the close of plaintiffs' case should have been granted, and the motion for a new trial should have been granted.

The order must be reversed, motion granted, and a new trial ordered, with costs to appellant to abide the event.   All concur.